### BURBANK *v.* PIERMONT.

If the assent of the other selectmen to the act of one of their number in furnishing supplies to a pauper can be presumed, the presumption is one of fact and not of law, and is to be made by the jury and not by the court.

If one selectman undertake to make a general and unlimited contract, in behalf of his town, for the future support of a person admitted to be a county pauper, residing in the town, but not shown to have been recognized by the selectmen as a pauper, or to have stood in urgent need of immediate assistance, the assent of the other two selectmen to his action can not be presumed, and the town is not bound by it.

ASSUMPSIT, with general counts for $500, for meat, drink, washing, lodging, medical attendance and funeral expenses, provided and incurred at the defendant's request and agreement, for one Eunice Wheeler, a pauper, chargeable on said Piermont.

By an amendment two special counts were added to the declaration.

This action was referred by a rule of court to referees, who reported the following facts:

" The plaintiff, on or about the 6th of April, 1854, called upon Joseph Sawyer, then one of the selectmen of said Piermont, and chairman of the board, there being no regular overseer of the poor that year, for aid in the support of said pauper, who, it is admitted by the plaintiff, was a county pauper, and the said Sawyer then told the plaintiff to take care of her and do the best he could for her, and he should have his pay, the town was responsible, or to that effect. This agreement never came to the knowledge of either of the other two of the selectmen, and therefore was in no way knowingly ratified by them, or either of them. The plaintiff did take

care of her from that time, April 6, 1854, till the time of her death, October 6, 1854. She had been in the town for some three years; but although there had been some talk about her support coming from the town, this agreement by Sawyer was the first that was ever made in behalf of the town for her support, and was the first acknowledgment in their behalf that they were in any way liable for such support.

Now if, upon the foregoing statement of facts, the court are of opinion that the plaintiff can recover under the original declaration, or under the amended declaration, then we assess the damages at $108, and consider that the plaintiff recover that sum, with interest from the date of the writ, and his cost of reference, taxed at $5.75, and the fees of the referees, taxed at $35, if paid by him, together with costs of court, to be taxed by the court; but if the court are of the opinion that he can not recover, then we find that the town recover of the said plaintiff their costs of reference, taxed at $11.84, and the fees of the referees, taxed at $35, if paid by them, together with costs of court, to be taxed by the court."

And the questions of law arising on said report were reserved to the law term of the court.

*Lang,* for the plaintiff.

*Chapman,* for the defendants.

BARTLETT, J. In the marginal note of *Lee* v. *Deerfield,* 3 N. H. 290, it is said that "where a pauper is shown to have actually stood in need of relief, and supplies have been furnished by the order of one of the selectmen of the town where he happened to be, the assent of the other selectmen to the furnishing of necessary supplies may be presumed by a jury." Although the court held in that case upon an agreed statement of facts that the plaintiff town was entitled to recover for supplies so furnished, it might have been unnecessary to resort to any such presumption, as the town of Lee had perhaps ratified the action of its selectman by bringing the suit for the supplies he had thus furnished. If the assent of the other selectmen to the act of one in furnishing supplies may be presumed, the presumption is one of fact, to be made by the jury and not by the court. *Woodes* v. *Dennett,* 9 N. H. 55; *Windsor* v. *China,* 4 Greenl. 298. The report of the referees does not find the fact of the assent of the other selectmen to the action of Sawyer, and it is not the duty of the court to try the question of fact here. *Pray* v. *Burbank,* 11 N. H. 290. For this reason the plaintiff can not have judgment upon the report, as it now stands.

But we do not think the case one where the assent of the other selectmen could be presumed. Our courts have not been inclined to extend the doctrine stated in *Lee* v. *Deerfield. Andover* v. *Grafton,* 7 N. H. 305; *Woodes* v. *Dennett,* 9 N. H. 55; *Mason* v. *Bristol,* 10 N. H. 38; *Glidden* v. *Unity,* 33 N. H. 577. Whether, in cases of suitable supplies furnished to one already decided by the selectmen to be entitled to relief, or to a pauper standing in urgent need of

immediate assistance, by the order of one selectman, the assent of the other selectmen may be presumed by the jury, need not be discussed here; but if it may it must be limited to " proper supplies, furnished on proper occasions." If such assent may ever be presumed to matters other than merely formal, it must be in cases where such prompt action is necessary that it would be impossible to convene the board, or where the actual inconvenience of a previous consultation would practically amount to an impossibility. *Lee* v. *Deerfield*, 3 N. H. 291; *Woodes* v. *Dennett*, 9 N. H. 57. Here it is sought to charge the town by the action of one selectman in the case of a person not previously determined by the selectmen to be a pauper, and not shown to stand in any urgent need of instant assistance, and not merely for supplies furnished for her immediate relief, but upon a general and unlimited contract for her future support. We see nothing in the case indicating any such urgent necessity for entering into this contract as would render it impossible for the selectmen to confer in regard to it, and nothing in the nature or circumstances of the contract, that would make it a matter of any considerable inconvenience to require such conference. The circumstances of the application and the importance of the contract seem to us especially to entitle the town to the benefit of the wisdom and prudence of a majority of its selectmen in passing upon them.

As the plaintiff has failed to show any contract made by a majority of the board of selectmen, he has shown no contract binding upon the town; *Andover* v. *Grafton*, 7 N. H. 304; and without such a contract he can not recover of the defendants. *Otis* v. *Strafford*, 10 N. H. 354. There must, according to the provisions of the case, be judgment for the defendants upon the report.